UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSE SANDERS,

    Plaintiff-Appellant,

    v.

SEATTLE SCHOOL DISTRICT NO. 1,

    Defendant-Respondent.

CASE NO. C06-1233JLR

ORDER

This matter comes before the court on Plaintiff Rose Sanders's motion to remand the action to state court (Dkt. # 12). The court has considered the papers filed in connection with this motion and finds the matter appropriate for disposition without oral argument. For the reasons stated below, the court GRANTS the motion and REMANDS the action to King County Superior Court.

Ms. Sanders wishes to appeal Defendant's decision to close her neighborhood elementary school. As required by statute, RCW § 28A.645.010, Ms. Sanders filed her appeal in state court, in the county where the school is located.[1] Defendant Seattle

---

[1] The state statute reads, in relevant part: "[a]ny person . . . aggrieved by any decision or order of any school official or board, within thirty days after the rendition of such decision or order . . . may appeal the same to the superior court of the county in which the school district or part thereof is situated . . . ." RCW § 28A.645.010.

ORDER – 1

School District No. 1 (the "District") removed the action on the basis that Ms. Sanders's appeal makes a single reference to the due process clause of the United States Constitution. The District contends that this court has removal jurisdiction based on a federal question. Notably, Ms. Sanders's counsel had deleted, by hand, all other references to the federal constitution, assuredly to keep the action in his client's chosen forum. Underscoring this preference, Ms. Sanders filed an amended appeal that deletes any possible basis for a federal claim (Dkt. # 5).

Even if Ms. Sanders's original state court filing could have provided a basis for removal jurisdiction, it is an abuse of discretion for the court to continue to exercise jurisdiction over her appeal where the single potential federal claim has dropped out of the lawsuit at its earliest stage. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-51 (1988). There is no question that the interests of judicial economy, convenience, fairness, and comity weigh heavily in favor of remanding the case to state court. Ms. Sanders has filed an amended appeal in which she challenges the District's decision solely on state law grounds, addressing matters of purely local concern. For these reasons, the court REMANDS the case in its entirety to King County Superior Court, where the action originated.

Dated this 16th day of October, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 2