UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSE SANDERS,

    Plaintiff,

    v.

SEATTLE SCHOOL DISTRICT NO. 1,

    Defendant.

CASE NO. C06-1233JLR

ORDER

    This matter comes before the court on Plaintiff Rose Sanders's motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) (Dkt. # 29). The court has reviewed the papers filed in support of and in opposition to the motion and incorporates the discussion from its prior order granting Ms. Sanders's motion to remand (Dkt. # 23).[1] For the reasons stated below, the court DENIES Ms. Sanders's motion for attorneys' fees and costs.

    Ms. Sanders filed a "notice of appeal" in state court in accordance with a state statute that outlines the procedure for appealing a school board decision. RCW §

---

[1] Defendant appears to contend that, in order to consider Ms. Sanders's fee request, this court must amend its prior order remanding the case. Defendant is incorrect; the court considers the instant motion separate from its prior ruling. See Moore v. Permanente Medical Group, Inc., 981 F.2d 443 (9th Cir. 1992) (holding that district court retains jurisdiction to consider motion for attorneys fees after remanding the case).

ORDER – 1

28A.645.010. Her appeal notice alleges that Defendant Seattle School District No. 1 ("the District") committed several procedural errors in rendering its decision to close various local schools. Among those errors, Ms. Sanders alleges a due process violation under the United States Constitution.[2] Based on Ms. Sanders's invocation of a constitutional right that arises under federal law, the District removed the action to federal court.

The court must conclude that the District had an objectively reasonable basis to remove. As a general rule, a defendant may remove an action to federal court where the plaintiff alleges a federal constitutional violation. See Harris v. Birmingham Board of Education, 817 F.2d 1525, 1526 (11th Cir. 1987). Although the court strongly suspects that the District could have avoided the round-trip journey between state and federal court by conferring with opposing counsel prior to removal, the court cannot say that there was no reasonable basis to remove in the first instance. Accordingly, the court must deny Ms. Sanders's request for reasonable attorneys' fees and costs. See Martin v. Franklin Capital Corp., 546 U.S. 132 (2005) (holding that when an objectively reasonable basis exists, courts should deny fee requests).

Dated this 3rd day of January, 2007.

JAMES L. ROBART
United States District Judge

---

[2] Ms. Sanders subsequently amended her notice of appeal to delete the reference to the federal due process clause. Because this deletion occurred after the District filed its removal petition, the court focuses solely on whether the District had a basis to remove the original notice of appeal.

ORDER – 2